IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>DENNIS LEROY SMITH AND ANDRILLA SMITH,<br>      Debtors<br><br>DENNIS LEROY SMITH AND ANDRILLA SMITH,<br>      Movants<br><br>MEMBERS 1ST FEDERAL CREDIT UNION,<br>      Respondent. | CHAPTER 13<br><br>Case No. 5:25-bk-02884-MJC |

### Movants' Notice of Examination, *duces tecum*, of Respondent's Designated Representative Pursuant to Bankruptcy Rule 2004 by Video

*To: Respondent Members 1ST Federal Credit Union*

     **PLEASE TAKE NOTICE** that, pursuant to Bankruptcy Rule 2004, Movants through counsel will take the examination under oath of the designated representative(s) of Respondent, *Members 1ST Federal Credit Union*, at the location contained in the attached subpoena, and on the date and time included in the attached subpoena. The examination will be taken before a qualified notary public or other person authorized to administer oaths. The examination will be taken by video.

     Please ensure that the designated representative is appropriately prepared to provide information regarding the enumerated topics. "If a [designee] is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it." *Black Horse Lane Assn. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000). If the deponent objects to any portion of the deposition notice, the deponent should specify those objections in writing in sufficient time prior to the examination to permit counsel to resolve such objection or present the objection for ruling to the Court prior to the taking of the examination. *See*, *Clemons v. Hartford Ins. Co. of Midwest*, 2009 WL 1605154, 6 (E.D. La. 2009)

### Definitions

1. "*the Account*" refers to the recreational vehicle loan that Movant owed Respondent.

2. "*the Vehicle*" refers to the property which was the collateral for the *Account*.

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of *Respondent* must be prepared to testify regarding "matters known or reasonably available to" *Respondent*, including but not limited to the below topics:

1.  *Respondent's* preparation for this examination.

2.  The amount owed on *the Account* on the date that the *Vehicle* was repossessed.

3.  The date and amount of each credit and debit to *the Account* after the *Vehicle* was repossessed.

4.  For each communication regarding *the Account* from Respondent to Movant that was sent after the repossession, the date and the content of that communication.

5.  The process by which each written communication from Respondent to Movant was generated.

**PLEASE TAKE FURTHER NOTICE** that *Respondent* is required to produce the following documents for inspection, review and photocopying:

6.  All documents referred to or referenced in preparing for the examination.

7.  All documents related to the calculation of the amount owed on *the Account*.

8.  All documents related to the origination of *the Account*, including, without limitation, any Retail Installment Sales Contract.

9.  Every communication between *Respondent* and *Movant* after the date that *the Vehicle* was repossessed.

                         s/ Carlo Sabatini
                         Carlo Sabatini, Bar Number PA 83831
                         Attorney for Movants
                         Sabatini Law Firm, LLC
                         216 N. Blakely St.
                         Dunmore, PA  18512
                         Phone (570) 341-9000
                         Email ecf@bankruptcypa.com

# UNITED STATES BANKRUPTCY COURT

_____Middle_____ District of __Pennsylvania_____

In re __Dennis Leroy Smith and Andrilla Smith_____  Case No. __5:25-bk-02884-MJC__
                   Debtor

Chapter __13_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __Members 1st Federal Credit Union_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Sabatini Law Firm LLC<br>216 N. Blakely St.<br>Dunmore, PA 18512 | December 22, 2025, 9:30 AM Eastern |

The examination will be recorded by this method: __video_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached notice.

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        CLERK OF COURT

                              OR

_____        */s/ Carlo Sabatini*_____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Dennis and Andrilla Smith_____, who issues or requests this subpoena, are:

Carlo Sabatini; 216 N. Blakely St., Dunmore, PA 18512; carlo@bankruptcypa.com; (570) 341-9000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)