UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>Dennis Leroy Smith and Andrilla Smith,<br>Debtors<br><br>Dennis Leroy Smith and Andrilla Smith,<br>Movants<br><br>Members 1st Federal Credit Union,<br>Respondent | CHAPTER 13<br><br>CASE NO. 5:25-bk-02884-MJC |

**RESPONDENT'S OBJECTION TO
DEBTORS' MOTION FOR RULE 2004 EXAMINATION OF
MEMBERS 1ST FEDERAL CREDIT UNION**

MEMBERS 1ST FEDERAL CREDIT UNION ("Respondent"), by and through undersigned counsel, hereby files this Objection to Debtors' Motion for Rule 2004 Examination (the "Motion"), and in support thereof, avers as follows:

1. On November 3, 2025, Debtors filed a Motion for a Rule 2004 Examination of Respondent to "enable Movants to determine whether Respondent violated various laws in connection with the repossession and any sale of the vehicle." (Paragraph ¶ 3).

2. On or about October 4, 2013, Debtors entered into a Pennsylvania

1

Motor Vehicle Installment Sale Contract (the "Contract") relative to a 2004 Revolution 40C recreational vehicle (the "Vehicle"). See **Exhibit "A"**.

    3.    Section 13(a) of the Contract provides that failure to make payment constituted an event of default.

    4.    Section 14(b) of the Contract further provides that the Vehicle can be repossessed in the event of default.

    5.    Section 15 of the Contract outlined the steps of the repossession process, including notice, redemption, sale, deficiency, and expenses.

    6.    Debtors defaulted under the Contract, and Respondent began the repossession process.

    7.    The Vehicle was repossessed on or around January 9, 2020.

    8.    A Notice of Repossession dated January 10, 2020 (the "Notice") was sent to Debtors advising of the default and repossession of the Vehicle. The Notice outlined Debtors' ability to redeem the Vehicle and advised Respondent's intention to sell the Vehicle at private sale in the event the Vehicle was not redeemed. See **Exhibit "B"**.

    9.    The Vehicle was sold at private auction on or around February 25, 2020.

    10.    An Explanation or Calculation of Deficiency dated March 6, 2020

(the "Deficiency Explanation") was sent to Debtors advising of the amount of the deficiency following the sale of the Vehicle. See **Exhibit "C"**.

11. Debtors failed to remit payment to cover the deficiency, leading to a civil complaint filed by Respondent in the Court of Common Pleas of Cumberland County, Pennsylvania on or about July 31, 2020. Judgment in the amount of $58,349.02 was entered against Debtors by the Court on March 14, 2024.

12. Although the scope of examination permitted under Rule 2004 is broad, it is not unlimited, and Rule 2004 examinations cannot be utilized for improper purposes. The party seeking the examination must show good cause for the examination that it seeks. *DeWitt v. First Nat'l Bank (In re DeWitt)*, 608 B.R. 794, (Bankr. W.D. Pa. 2019), citing *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614 (Bankr. D. Del. 2016).

13. Rule 2004 permits an examination of an entity for matters that may affect the administration of the debtor's estate. Examination as to matters having no effect on administration of the bankruptcy estate is improper. *In re Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985). The purpose of a Rule 2004 examination is to "discover the nature and extent of the bankruptcy estate. *DeWitt v. First Nat'l Bank (In re DeWitt)*, 608 B.R. 794, (Bankr. W.D. Pa. 2019),

3

citing *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614 (Bankr. D. Del. 2016).

14. Debtors' Motion does not raise any specific questions that they are seeking to answer, just that they are generically to attempting to discover any potential cause of action stemming from the repossession and sale of the Vehicle.

15. The responses herein coupled with the Exhibits attached hereto and incorporated herein by reference are sufficient to demonstrate that no cause of action plausibly exists as to the alleged improper repossession and sale of the Vehicle.

16. Further, the responses herein coupled with the Exhibits attached hereto and incorporated herein by reference were all previously contemporaneously provided to Debtors directly and are presumably within the Debtors' possession and control, rendering an examination unnecessary.

17. Finally, if a claim existed, such claim would be property of Debtors' Bankruptcy Estate and thus the right to request a Rule 2004 Examination for the reasons asserted by Debtors also rest with the Trustee as a "party in interest". Taking this to its logical conclusion, therefore, a Rule 2004 Examination by Debtors would not be appropriate even if the Trustee releases any potential claim from the Estate, as the action would fall to Debtors to avail themselves of

the appropriate state or federal court discovery mechanisms.

18. The Motion exceeds the permissible scope and purpose of Rule 2004 in that it: (1) requests information already in Debtors' possession; (2) cannot plausibly be justified as an examination into a potential claim because the responses herein coupled with the Exhibits attached hereto and incorporated herein by reference demonstrate that the Vehicle was lawfully repossessed and sold; and (3) relates to an alleged potential claim that would fall to the Trustee to assert and therefore any examination rights under Rule 2004 falls to the Trustee.

19. Permitting a Rule 2004 Examination under these circumstances would be inconsistent with the Rule's intended use.

WHEREFORE, Respondent respectfully requests that this Honorable Court deny Debtors' Motion.

Respectfully submitted,

RICE PARK LAW, LLC

Date: 11/17/2025          By: _____

David W. Park, Esquire, Atty I.D. 315905
Kailey E. Elrod, Esquire, Atty I.D. 335938
Abbie C. Trone, Esquire, Atty I.D. 317083
79 East Pomfret Street, Carlisle, PA 17013
(717) 205-2215 (p)
(717) 703-5221 (f)
dpark@riceparklaw.com
kelrod@riceparklaw.com
atrone@riceparklaw.com
Attorneys for Members 1st FCU